UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENJAMIN NEWMARK,

    Plaintiff,

v.                                              Case No:   2:15-cv-263-FtM-29CM

KEVIN RAMBOSK,

    Defendant.

## ORDER

Before the Court are Defendant's Motion to Compel Discovery and Memorandum of Law in Support Thereof ("Motion to Compel," Doc. 23) and Defendant's Amended Motion for Conditional Extension of the Discovery Deadline Pending Resolution of Defendant's Motion to Compel ("Motion for Extension," Doc. 29).  The undersigned heard argument on both motions at a hearing on June 23, 2016.  For the reasons stated on the record and below, the Motion to Compel is granted in part and denied in part, and the Motion for Extension is granted.

Defendant seeks information related to Plaintiff's medical and mental health treatment.  Doc. 23.  Defendant states, among other things, that Plaintiff has put his mental health at issue by seeking compensatory damages for "indignation and humiliation of being discriminated and retaliated against," and therefore, information related to Plaintiff's mental health is discoverable.  *Id.* at 8.  Plaintiff objects to the production of this discovery because Plaintiff alleges that he has not put his mental health at issue because his claims of emotional distress are "garden

variety." Doc. 25 at 3, 8. Additionally, Plaintiff states that Defendant failed to raise the affirmative defenses of pre-existing stressor or pre-existing condition, and therefore, Defendant is precluded from introducing or admitting any evidence in support of that defense at trial. *Id.* at 10.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance, for purposes of discovery, does not hinge on admissibility at trial and is construed broadly to include any matter that reasonably could lead to the discovery of admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A written response to a request for production or interrogatory is due within thirty days after the service. Fed. R. Civ. P. 33(b)(2), 34(b)(2) When a party fails to respond within the requisite time frame, the party seeking discovery may move to compel the responses. *Id.* at 37(a)(3)(A). An evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond. *Id.* at 37(a)(4). Here, Defendant alleges that the responses are insufficient and requests complete responses to its Interrogatory No. 19 and Request for Production No. 18.

Plaintiff relies upon a case from the Northern District of Georgia for the proposition that when a Plaintiff is seeking damages for indignation, his mental health records are not relevant to the case because it is a dignitary issue rather than a psychiatric one. Doc. 25 at 7 (citing *Stevenson v. Stanley Bostich*, 201 F.R.D. 551, 53-54 (N.D. Ga. 2001)). In *Stevenson*, however, the court analyzed whether a

plaintiff placed his mental condition "in controversy" for purposes of authorizing a mental examination of a Plaintiff under Federal Rule of Civil Procedure 35(a), not for purposes of general discovery. 201 F.R.D at 553. In this case, Defendant is not requesting that Plaintiff submit to a mental examination. Defendant is seeking information and documentation related to Plaintiff's claim for damages for indignation and humiliation. Doc. 23 at 8.

This Court previously has held that a plaintiff places his mental health at issue when he makes claims for mental anguish, depression, anxiety and fear. *Johnson v. Scott*, No. 2:13-cv-500-FtM-38CM, 2014 WL 4322320, at 3 (M.D. Fla. Sept. 2, 2014). In *Johnson*, the plaintiff filed a civil rights claim under 42 U.S.C. § 1983, and alleged that he suffered "shame, embarrassment, mortification and disgrace, great mental anguish including depression, anxiety, fear and loss of capacity for the enjoyment of life." *Id.* at 1. The defendant in *Johnson* sought discovery related to the identification of mental health professionals Plaintiff had visited, and the production of medical and psychological records. *Id.* at 2. Relying upon *Walker v. City of Orlando*, No. 6:07-cv-651-Orl-19DAB, 2007 WL 3407409 (M.D. Fla. Nov. 13, 2007), which stated that when a plaintiff makes a claim for damages for mental anguish, that plaintiff has placed his mental health at issue, the undersigned found that the plaintiff in *Johnson* also had placed his mental health at issue. *Id.* at *3. The Court found that the documents and information sought by the defendant were relevant to the claims and defenses, and therefore discoverable. *Id.*

Similarly, here, the Court finds that Plaintiff has placed his mental health at issue by making a compensatory damages claim for indignation and humiliation, and the information requested by Defendant is related to that claim. Plaintiff argues that the information is not relevant because "Defendant failed to raise the affirmative defense of pre-existing stressor in an attempt to diminish the amount of compensatory damages caused by the defendant's retaliation and failure to accommodate. As a result, defendant is precluded from introducing and admitting any evidence in support of that claim or defense at trial." Doc. 25 at 10. The Court, however, reminds Plaintiff that admissibility at trial is not the standard for determining whether information is discoverable. Information is discoverable when it relates to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Additionally, "[t]he discovery process is designed to fully inform the parties of the relevant facts involved in their case." *Johnson*, 2014 WL 4322320, at *2 (internal citations omitted). Here, Defendant's request relates to Plaintiff's claim for compensatory damages. Accordingly, the Court finds that the information requested by Defendant is discoverable.

Additionally, to allow Plaintiff sufficient time to produce the requested information, the Court will grant Defendant's Amended Motion for Conditional Extension of the Discovery Deadline Pending Resolution of Defendant's Motion to Compel (Doc. 29). The Court will extend the Case Management and Scheduling Order (Doc. 15), beginning with the discovery deadline, by 60 days.

The Court notes that Defendant requested attorney's fees associated with the cost of pursuing the motion to compel. Doc. 23 at 9. Plaintiff also requests that the Court award attorney's fees for being forced to respond to Defendant's request for an extension. Doc. 30 at 8. The Court denies both parties' requests for sanctions.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel Discovery and Memorandum of Law in Support Thereof (Doc. 23) is **GRANTED in part and DENIED in part**.

2. On or before **July 25, 2016**, Plaintiff is directed to provide the information requested in Defendant's Interrogatory No. 19 and Defendant's Request to Produce No. 18, or state that no information exists.

3. Defendant's request for attorney's fees is **DENIED.**

4. Defendant's Amended Motion for Conditional Extension of the Discovery Deadline Pending Resolution of Defendant's Motion to Compel (Doc. 29) is **GRANTED.**

5. The Clerk is directed to issue an Amended Case Management and Scheduling Order.

6. All other directives set forth in the Case Management and Scheduling Order (Doc. 15) remain unchanged.

7. Plaintiff's request for attorney's fees is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record